UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MILES BLACK,** individually and on behalf of those similarly situated<br>25 Willow Bend Drive<br>Canfield, Ohio 44406<br><br>-and-<br><br>**MELISSA BLACK A.K.A. MELISSA HYDE**, individually and on behalf of those similarly situated<br>25 Willow Bend Drive<br>Canfield, Ohio 44406<br><br>-and-<br><br>**LORRAINE MORRIS,** individually and on behalf of those similarly situated<br>5058 Glenoak Drive NE<br>Louisville, OH 44641<br><br>    Plaintiffs,<br><br>    v.<br><br>**CITY OF GIRARD, OHIO**<br>c/o James J. Melfi<br>100 W. Main Street SE #1<br>Girard, Ohio 44420<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983, DECLARATORY JUDGMENT, AND EQUITABLE RESTITUTION**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Miles Black, Melissa Black, and Lorraine Morris, individually and on behalf of the class members, by and through counsel, for their Complaint against Defendant City of Girard, Ohio state as follows:

1

## PARTIES

1. Plaintiff Miles Black is an adult presently residing in Canfield, Ohio in Trumbull County, Ohio.

2. Plaintiff Melissa Black a.k.a. Melissa Hyde is an adult presently residing in Canfield, Ohio in Trumbull County, Ohio.

3. Plaintiff Lorraine Morris is an adult presently residing in Louisville, Ohio in Stark County, Ohio.

4. Defendant City of Girard, Ohio is an Ohio municipality with a principal location of 100 W. Main Street, Girard, Ohio 44420. City of Girard is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

5. Each of the Plaintiffs have faced civil penalties as a result of the operation of the automatic traffic enforcement system which was calibrated for the improper speed.

## JURISDICTION AND VENUE

6. Pursuant to R.C. § 2721.02(A), this Court is authorized to grant the relief sought.

7. Pursuant to R.C. § 2721.02(A), this Court is authorized to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

8. Jurisdiction of claims is conferred by 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the deprivation of rights secured by the United States Constitution.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial portion, if not all, of the events that form the basis of this Complaint occurred in the District, the Defendant conducted activity that gave rise to the claim for relief in the District, and a public officer sued in his official capacity maintains his principal office in the District.

**STATEMENT OF FACTS**

10. Section 333.03 of the Codified Ordinances of the City of Girard, Ohio ("GCO") authorizes the City of Girard to ticket persons who exceed the speed limits inside the City of Girard.

11. On December 7, 2017, the Ohio Department of Transportation ended construction of this area in the municipal limits of Girard, Ohio.

12. As of December 7, 2017, the legal speed limit for the I-80 Non-Construction Zone was 65 m.p.h.

13. However, between December 7, 2017 and January 7, 2018, a 55 m.p.h. speed limit sign was not removed within the "I-80 Non-Construction Zone" by either the Ohio Department of Transportation (ODOT), its agents or contractors, or an authorized official of the City of Girard.[1]

14. During the construction period by ODOT, the speed limit in this zone was governed by Ohio Traffic Engineering Manual Section 640-18.1, which allowed, pursuant to R.C. § 4511.21, that the design speed for maintaining traffic through a construction zone should remain at the original posted legal speed limit, except as indicated by Section 640-18.2.1 through Section 640-18.2.3 of the Traffic Engineering Manual.[2]

---

[1] See "It's almost like a trap." Katie Wilson, WKBN, March 21, 2018 (http://wkbn.com/2018/03/21/its-almost-like-a-trap-attorney-says-i-80-speed-tickets-were-mistake/); see also "Girard won't be dismissing tickets issued during speed limit controversy", Chelsea Simeon, March 27, 2018
(http://wkbn.com/2018/03/27/girard-wont-be-dismissing-tickets-issued-during-speed-limit-controversy/)
[2] A copy of the manual is located at
(http://www.dot.state.oh.us/Divisions/Engineering/Roadway/DesignStandards/traffic/TEM/Documents/TEMComplete_011918Revision_file1_Parts0-7_bookmarked_032318.pdf)

3

15. When the work ended on December 7, 2017, the temporary work zone speed limit of 55 m.p.h. was terminated.

16. All three Plaintiffs received tickets in the "I-80 Non-Construction Zone" located within the municipal limits of Girard, Ohio.

17. Plaintiff Miles Black received Notice of Violation Number 16-000042217 on December 27, 2017 notifying him of a violation of Traffic Code Ordinance 8069-16 on December 20, 2017 within the "I-80 Non-Construction Zone" for traveling 66 m.p.h. in a 55 m.p.h. zone. A copy of the citation is attached as *Exhibit A*.

18. Plaintiff Melissa Black received Notice of Violation Number 16-000046252 on January 9, 2018 notifying her of a violation of GCO 333.03 on January 2, 2018 within the "I-80 Non-Construction Zone" for traveling 75 m.p.h. in a 55 m.p.h. zone. A copy of the citation is attached as *Exhibit B*.

19. Plaintiff Lorraine Morris received Notice of Violation Number 16-000041696 on December 25, 2017 notifying her of a violation of GCO 333.03 on December 21, 2017 within the "I-80 Non-Construction Zone" for traveling 60 m.p.h. in a 55 m.p.h. zone. A copy of the citation is attached as *Exhibit C*.

20. Plaintiff Miles Black paid the citation noted in Paragraph 8a above on January 29, 2018 in the amount of $103.90. A copy of the proof of payment is attached as *Exhibit D*.

21. Plaintiff Melissa Black paid the citation noted in Paragraph 8b above on March 2, 2018 in the amount of $178.90. A copy of the proof of payment is attached as *Exhibit E*.

22. Plaintiff Lorraine Morris paid the citation noted in Paragraph 8c above on January 2, 2018 in the amount of $150.00. A copy of the proof of payment is attached as *Exhibit F*.

23. Between December 7, 2017 and January 7, 2018, the legal speed limit in this area was 65 m.p.h. and all three Plaintiffs and all potential class members received tickets, as demonstrated by Exhibits A, B, and C for violating a speed limit (55 m.p.h.) which did not exist as a matter of law.

24. As demonstrated by Exhibits D, E, and F, all three Plaintiffs paid the civil penalty even though each of the Plaintiffs do not believe the violations were accurate as the speed limit during the period of time was 65 m.p.h. None of the three Plaintiffs requested a review hearing because they did not reasonably believe that they could successfully challenge the notice of violation.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 22, in their entirety, as if fully rewritten herein. Plaintiffs bring all claims as class claims pursuant to Ohio Rule of Civil Procedure 23.

26. Plaintiffs propose to represent a class consisting of all persons who received notices of violation between December 7, 2017 and January 7, 2018 in the "I-80 Non-Construction Zone" for violations of GCO 333.03 and/or Traffic Code Ordinance 8069-16 for traveling in excess of 55 m.p.h. when the violations of GCO 333.03 and/or Traffic Code Ordinance 8069-16 would have been for traveling in excess of 55 m.p.h.

27. Plaintiffs propose to represent Subclass 1 consisting of all persons who meet the definition set forth in Paragraph 22 who have *paid* any penalties, fees, and other charges related to the tickets received.

28. Plaintiffs additionally propose to represent Subclass 2 consisting of all persons who meet the definition set forth in Paragraph 22 who *have not paid* any penalties, fees, and other charges related to the tickets received until a known class member can be identified who meets the definition of Subclass 2.

29. The proposed Plaintiff Class and Subclasses consists of hundreds, if not thousands of individuals. Therefore the Plaintiff Class and Subclasses are so numerous and dispersed that joinder is impracticable. Plaintiffs assert that Defendant would have the ability to disclose all affected class members.

30. With the help of qualified counsel who are experienced in such litigation, Plaintiffs are capable of adequately representing the proposed Plaintiff Class for any and all purposes in that Plaintiffs, like the other members of the proposed Plaintiff Class, have paid penalties imposed under the Automated Speed Enforcement Program.

31. All members of the Class have been subject to and affected by a uniform course of conduct committed by the Defendant. There are questions of law and fact common to the proposed class that predominate over any individual questions. These include, but are not limited to, the following:

    a. Whether pursuant to R.C. § 2721.02 the Plaintiff Class is entitled to a declaration that the ordinance was invalid and unenforceable;

    b. Whether the City of Girard through the Mayor, City Council, and the Police Chief negligently allowed the tickets to be issued after the new ordinance was enacted;

    c.    Whether the City of Girard has been unjustly enriched by collection and retaining the penalties, fees, and other charges that have been paid by Plaintiffs and the proposed Class, Subclass 1, and Subclass 2 that they seek to represent;

    d.    Whether the City of Girard should be ordered under principles of equity to disgorge all payments made to it by Plaintiffs and members of the Plaintiff Class and Subclass 1;

    e.    Whether the City of Girard should be ordered under principles of equity to dismiss with prejudice all tickets issued to Subclass 2 members or alternatively be ordered to reissue all tickets issued to Subclass 2 members reflecting the 65 m.p.h. speed limit.

32.    In all relevant respects Plaintiffs are typical of those of all Plaintiff Class members in that they, like the other members of the proposed Class were illegally forced to pay a penalty as the result of a deprivation and violation of their rights under the Constitution and Ohio Constitution.

33.    The representative parties will adequately protect the interests of the class and Plaintiffs' counsel has experience litigating class actions.

34.    If individual class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.

35.    A class action is the superior method for fairly and efficiently adjudicating the controversy.

**COUNT ONE:**
**(DUE PROCESS VIOLATION, 42 U.S.C. § 1983; ATTORNEY'S FEES, 42 U.S.C. § 1988)**

36. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 35, in their entirety, as if fully rewritten herein.

37. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

38. City of Girard has an unconstitutional policy, practice, and custom of using an automatic traffic enforcement system calibrated for an improper speed to issue tickets to impose civil penalties.

39. R.C. § 4511.093(A) provides, "A local authority may utilize a traffic law photo-monitoring device for the purpose of detecting traffic law violations."

40. R.C. § 4511.097(A) provides, "A traffic law violation for which a ticket is issued by a local authority [at a time subsequent to the violation] is a civil violation."

41. City of Girard's conduct as described herein violates 42 U.S.C. § 1983 because the City of Girard, under color of statutes, ordinances, regulations, customs, and usages, of the State of Ohio, deprived Plaintiffs and members of Subclass 1 of their property without due process of law by allowing citations to be written for violations of GCO 333.03 and/or Traffic Code Ordinance 8069-16 for an incorrect enforceable speed limit during December 7, 2017 and January 7, 2018.

42. There exists no adequate post-deprivation remedy for Plaintiffs and the members of Subclass 1 as the Mayor of the City of Girard has publicly stated, "Those tickets are valid and my advice to whoever got one is that they should slow down and pay it."[3]

---

[3] See "I-Team: Did a government mix-up cost you a speeding ticket?" Peggy Gallek, Fox 8, March 23, 2018 (http://fox8.com/2018/03/23/i-team-did-a-government-mix-up-cost-you-a-speeding-ticket/)

43. The Girard Municipal Court states on its website that it "does not enforce Traffic Camera Tickets" and that inquires should be sent to the "Mayor's Office at 330-545-0211 ext. 2228."[4]

44. As a direct and proximate result of such wrongful actions, as described herein, Plaintiffs were damaged.

45. Pursuant to 42 U.S.C. § 1983, Plaintiffs and members of Subclass 1 are entitled to recover compensatory and punitive damages for City of Girard's violations of their Fourteenth Amendment rights.

46. Plaintiffs and members of Subclass 1 also entitled to recover reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

**COUNT TWO:**
**(DECLARATORY JUDGMENT - VIOLATION OF OHIO CONSTITUTION)**

47. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 35, in their entirety, as if fully rewritten herein.

48. Section 6, Article 1 of the Ohio Constitution guarantees that every person injured in its lands, goods, person, or reputation shall have remedy by "due course of law".

49. The decision of the Mayor, City Council, and Police Chief of the Defendant, whether intentional, negligent, or otherwise to allow citations to be written for violations of GCO 333.03 and/or Traffic Code Ordinance 8069-16 for an incorrect enforceable speed limit during December 7, 2017 and January 7, 2018 violates the Ohio Constitution's guarantee of "due course

---

[4] See *ePayment*, Girard Municipal Court, http://www.girardmunicipalcourt.com/epayment.html (last visited Apr. 4, 2018).

9

of law" by providing an improper citation which imposes penalties, fines, etc. upon Plaintiffs, all members of the Class, Subclass 1, and Subclass 2 in excess of what is statutorily enforceable.

50. Pursuant to R.C. § 2721.02, Plaintiffs and members of the Class, Subclass 1, and Subclass 2 are entitled to a declaration that all tickets issued in the I-80 Non-Construction Zone between December 7, 2017 and January 7, 2018 for violations of GCO 333.03 and/or Traffic Code Ordinance 8069-16 for speed in excess of 55 m.p.h. are invalid and unenforceable.

## COUNT THREE:
## (EQUITABLE RESTITUTION)

51. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 35, in their entirety, as if fully rewritten herein.

52. The collection of the revenue from these tickets when no speed ordinance was in place violates Article IV, Section 1 of the Ohio Constitution and therefore is invalid and unenforceable.

53. The ordinance violations Section 16, Article 1 of the Ohio Constitution and therefore is invalid and unenforceable.

54. Upon belief the City of Girard has received thousands of dollars in revenue from the operation of the Automated Speed Enforcement Program.

55. Plaintiffs and all members of Subclass 1 have been adversely affected by the enforcement of the Ordinance through the payment of the civil penalties.

56. The civil penalties that the City of Girard collected were collected improperly.

57. The City of Girard has been unjustly enriched.

58. The City of Girard has received a benefit which it would be unconscionable for the City of Girard to retain.

10

59. The City of Girard is not entitled to sovereign immunity as suits seeking the return of funds wrongfully collected or held by governmental actors may be maintained in equity.

60. The City shall not be permitted to unjustly retain the penalties, fees, and other charges that have been paid by Plaintiffs and Subclass 1 members. Equity requires that City of Girard be ordered to disgorge all such payments made to it and to those acting on its behalf by Plaintiffs and members of Subclass 1 as defined herein, plus interest.

**WHEREFORE,** Plaintiffs Miles Black, Melissa Black, and Lorraine Morris, individually on behalf of the Class, Subclass 1, and Subclass 2, respectfully request this Court grant the following relief against Defendant City of Girard:

A. For a finding that this action satisfies the prerequisites for maintenance as a Class Action and an Order certifying the Class Definition, Subclass 1, and Subclass 2 definitions defined herein;

B. For an Order designating Plaintiffs as representatives of the Class, Subclass 1, and Subclass 2 definitions defined herein;

C. For an Order designating Plaintiffs' Counsel as Class Counsel for the Class, Subclass 1, and Subclass 2 defined herein;

D. For a declaration that all tickets issued to Plaintiffs, Subclass 1, and Subclass 2 members pursuant to GCO 333.03 and/or Traffic Code Ordinance 8069-16 between December 7, 2017 and January 7, 2018 by Defendant are invalid for the allegations contained in Count Two;

E.     For a declaration that all tickets issued to Plaintiffs, Subclass 1, and Subclass 2 members pursuant to GCO 333.03 and/or Traffic Code Ordinance 8069-16 between December 7, 2017 and January 7, 2018 by Defendant are unenforceable for the allegations contained in Count Two;

F.     For an award of all actual damages incurred by each individual Plaintiff and Subclass 1 member for the allegations contained in Counts One and Three;

G.     For an award of punitive damages to each individual Plaintiff and Subclass 1 member for the allegations contained in Count One;

H.     For an award of Plaintiffs, Subclass 1, and Subclass 2's attorney's fees and costs, including interest thereon, as allowed or required by law; and

I.     Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiffs, Subclass 1, and Subclass 2*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
Dann Law